**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hope A. Y. Yzryahl,

Plaintiff,

v.

Southwest College of Naturopathic Medicine and Health Sciences, et al.,

Defendants.

No. CV-15-00932-PHX-DGC

**ORDER**

Defendants Southwest College of Naturopathic Medicine ("SCNM") and its named employees move to dismiss Plaintiff Hope Yzryahl's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed, and no party has requested oral argument. The Court will grant the motion and give Plaintiff 30 days to amend her complaint.

**I. Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Securities Litigation*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a plaintiff is proceeding pro se, the allegations of the complaint must be construed liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). But a court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Analysis.**

**A. Count One.**

Count one is titled "Negligence," but appears to assert a violation under Title VI of the Civil Rights Act of 1964. Doc. 1, ¶ 12; 42 U.S.C. § 2000d. Under this statute, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial aid." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). To state a claim for a violation of this statute, Plaintiff must plead that (1) the entity is engaging in racial discrimination, and (2) the entity receives federal financial assistance. *Id*.

Plaintiff alleges various facts regarding Defendants' alleged denial of her financial aid, but fails to allege facts supporting her claim that the denial was based on her race, national origin, color, or gender. Doc. 1, ¶ 12. Plaintiff identifies herself as an "Aboriginal-Autochthonous American (misnomered African American) national origin, color (brown), and sex (female)." *Id*. Her complaint, however, does not allege facts to show that these characteristics were the reason for Defendants' actions. She provides no allegations of discriminatory statements or acts by Defendants against herself or others.

Her response to the motion to dismiss asserts that employees of SCNM "engaged in a campaign of prejudice and racism," but Plaintiff's complaint does not contain this allegation, nor does it explain the nature of the campaign or the facts supporting her assertion that it occurred. Doc. 22 at 13. Nor does Plaintiff identify the particular acts committed by each Defendant that give rise to liability under count one.

In short, Plaintiff's complaint alleges little more than a "sheer possibility that a defendant has acted unlawfully," which is not sufficient. *Iqbal*, 556 U.S. at 678. Even liberally construed, the complaint lacks sufficient facts to support a Title VI claim. *See Eldridge*, 832 F.2d at 1137.

**B. Counts Two and Three.**

Counts two and three also are titled "Negligence," but appear to assert violations of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("RA"). Count two asserts violation of Title II of the ADA and § 504 of the RA. Doc. 1, ¶ 13. Count three asserts that Defendants, specifically Ms. Borjas and Ms. Winquist, "knowingly and willfully retaliated and coerced Plaintiff by ceasing all communication with Plaintiff, barr[ing] Plaintiff from attending class, [and] sending and receiving emails as well as contacting faculty and staff at SCNM." *Id.*, ¶ 14.

To state a claim under Title II of the ADA, Plaintiff must allege: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing 42 U.S.C. § 12132). To prove a violation of § 504 of the RA, Plaintiff similarly must show that (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124,

1135 (9th Cir. 2001).

Plaintiff's complaint does not plead facts showing that she is an individual with a disability under the ADA or the RA. Her complaint contains no allegations regarding her alleged disability or why it satisfies the requirement of either statute. Nor does Plaintiff allege facts showing that she was qualified to receive the benefits denied by Defendants or that the benefits were denied because of her disability. Count three contains allegations regarding retaliation and coercion, but does not indicate whether these allegations (which also have scant factual support in the complaint) are intended to state another claim in addition to the ADA and RA claims mentioned in count two. Finally, Plaintiff does not identify the particular acts committed by each Defendant that subject that Defendant to liability.

**III. Guidance to Plaintiff.**

Plaintiff must become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the District of Arizona's Local Rules may be obtained from the Clerk's Office or on the Court's website.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim *showing* that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)

(emphasis added). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The discussion in part II of this order identifies the factual shortcomings in Plaintiff's complaint.

The Court will grant Plaintiff until October 30, 2015 to file an amended complaint. Plaintiff is warned that if she fails to file an amended complaint by that date, the case will be dismissed. *See* Fed. R. Civ. P. 12(e). Plaintiff is further warned that if she fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 11) is **granted**. Plaintiff shall file an amended complaint by **October 30, 2015**.

Dated this 5th day of October, 2015.

David G. Campbell
United States District Judge